IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HICA EDUCATION LOAN
CORPORATION,

        Plaintiff,

  vs.

DAVID L. KEE,

        Defendant.

Case No. 11-cv-901-JPG-SCW

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff HICA Education Loan Corporation's motion to modify judgment (Doc. 20).

On May 16, 2012, this Court entered judgment (Doc. 19) in favor of plaintiff and against defendant David L. Kee in the amount of $26,170.39, with additional prejudgment interest from March 7, 2012, to the date of judgment at the rate of $2.12 per day. The judgment further entered judgment of interest from the date of judgment until it is paid at the contractual rate set forth in the contract between the parties, which is a variable rate calculated by the Secretary of the Department of Health and Human Services ("HHS") for each calendar quarter and computed by determining the average of the bond equivalent rates for the ninety-one day U.S. Treasury Bills auctioned during the preceding quarter, plus three percent, rounding this figure up to the nearest one-eighth of one percent.

The underlying claims were based on six promissory notes under the United States Health Education Assistance Loan Program (HEAL). Plaintiff sought recovery from HHS based on this Court's judgment. HHS rejected plaintiff's claim with respect to promissory note six because of a technicality with the promissory note. Because the judgment lumped all six

promissory notes together, HHS refused to honor plaintiff's request for recovery based on this Court's judgment.  In order for plaintiff to recover on promissory notes one through five, it seeks two separate judgments, one with respect to promissory notes one through five and one with respect to promissory note six.  Plaintiff does not seek to alter the overall amount of recovery.

Pursuant to Federal Rule of Civil Procedure 60(b) the Court may grant relief from a judgment for any reason that "justifies relief."  The Court finds plaintiff's motion well-founded and good cause exists to amend the judgment.

Accordingly, the Court **GRANTS** plaintiff's motion (Doc. 20).  The Court **DIRECTS** the Clerk of Court to enter judgment accordingly: (1) one judgment in the amount of $25,184.81, representing promissory notes one through five; and (2) one judgment in the amount of $985.58, representing promissory note six.

**IT IS SO ORDERED.**

**DATED:** March 22, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**